IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| ESKRIDGE ENTERPRISES, LLC d/b/a ESKRIDGE & ASSOCIATES, | ) ) ) | |
|---|---|---|
| Plaintiff/Counter-Defendant, | ) ) | |
| v. | ) ) | Civil No. 6:15-cv-03011-SRB |
| SAYEED N. IQBAL, | ) ) ) | |
| Defendant/Counter-Claimant. | ) | |

**ORDER**

Before the Court is Plaintiff/Counter-Defendant Eskridge Enterprises, LLC's ("Eskridge") Motion to Dismiss Defendant/Counter-Claimant Sayeed N. Iqbal's ("Iqbal") First Amended Counterclaims pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. #45). For the reasons stated herein, the motion is GRANTED in part and DENIED in part. The motion is DENIED with respect to Iqbal's claims for Breach of Contract (Count I), Unjust Enrichment (Count II), and Fraud in the Inducement (Count III). The motion is GRANTED with respect to Iqbal's claims for Fraudulent Misrepresentation (Count IV), Defamation (Count V), and Retaliation-Whistleblowing (Count VI).

**I.  BACKGROUND**

On November 26, 2014, Eskridge filed its Complaint in the Circuit Court of Pulaski County, Missouri naming Iqbal as the sole defendant. (Doc. #1-1). Iqbal removed the case to federal court on January 9, 2015, on the basis of diversity jurisdiction. (Doc. #1). On April 14, 2015, Iqbal filed Defendant's Answer and Affirmative Defenses and asserted six counterclaims. (Doc. #28). Eskridge filed a motion to dismiss on May 15, 2015, arguing all six counterclaims should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. #31).

1

On June 24, 2015, the Court denied Eskridge's motion to dismiss Iqbal's claims for Breach of Contract (Count I) and Unjust Enrichment (Count III), granted Eskridge's motion to dismiss Iqbal's claims for Conversion (Count II), Constructive Discharge in Violation of Public Policy (Count IV), and Retaliation (Count VI), and granted Iqbal leave to amend his Fraud in the Inducement (Count V) claim. (Doc. #42). Iqbal filed his First Amended Counterclaims on July 16, 2015. (Doc. #43). Eskridge filed its motion to dismiss Iqbal's First Amended Counterclaims on July 27, 2015. (Doc. #45).

The parties appear to agree that Missouri law applies as both parties cite Missouri case law in support of their respective positions. This Court will apply Missouri law where necessary to decide the motion to dismiss.

## II. LEGAL AUTHORITY

Plaintiff/Counter-Defendant brings its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which states a claim may be dismissed for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (internal citations omitted); Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir. 2015); Hamilton v. Palm, 621 F.3d 816, 817 (8th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Ash v. Anderson Merchs., LLC, No. 14–3258, 2015 WL 4978701, at *1 (8th Cir. 2015).

The court "must take all factual allegations [made by the plaintiff] as true when considering a motion to dismiss." Great Plains Trust Co. v. Union Pac. R.R. Co., 492 F.3d 986,

2
Case 6:15-cv-03011-SRB   Document 51   Filed 09/10/15   Page 2 of 6

995 (8th Cir. 2007); Data Mfg., Inc. v. United Parcel Service, Inc., 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable."). However, factual allegations which represent "legal conclusions or formulaic recitation of the elements of a cause of action . . . may properly be set aside." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)) (internal citations omitted). The pleading standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotations omitted); see, e.g., Ritchie v. St. Louis Jewish Light, 630 F.3d 713, 717 (8th Cir. 2011) (finding the district court appropriately granted a motion to dismiss where "facts pleaded in [plaintiff's] complaint [did] not permit [the court] to infer more than the mere possibility of misconduct."). The "evaluation of a complaint upon a motion to dismiss is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Braden, 588 F.3d at 594 (internal citations omitted). "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden, 588 F.3d at 594; see also Zoltek Corp. v. Structural Polymer Group, 592 F.3d 893 n. 4 (8th Cir. 2010) (noting the court's task "is to review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.").

## III.   DISCUSSION

Eskridge moves to dismiss each of the six counts in Iqbal's First Amended Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action. The Court's Scheduling and Trial Order for Jury Trial dated March 24, 2015, mandates "[a]ny motion

3

to amend the pleadings shall be filed on or before May 1, 2015." (Doc. #23, ¶3). On July 16, 2015, Iqbal filed his First Amended Counterclaims, which added new claims of Fraudulent Misrepresentation (Count IV) and Defamation (Count V) without first seeking leave from the Court to amend. These claims are dismissed because leave to amend has not been granted, and they are untimely pursuant to the Scheduling and Trial Order. Schenk v. Chavis, 259 F. App'x. 905, 907 (8th Cir. 2008) (noting "scheduling orders limit the time for amending pleadings" and affirming a district court decision denying a motion for leave to amend because it was untimely); Young v. Cerner Corp., No. 06-0321-CV-W-NKL, 2007 WL 1859265, at *1 (W.D. Mo. 2007) (providing "a scheduling order shall not be modified except upon a showing of good cause and by leave of the district judge.") (internal quotations omitted). Iqbal also included a Retaliation (Count VI) claim, which the Court dismissed in its prior Order. The Court's June 24, 2015, Order on this count stands.

The Court will address the remaining three counts separately.

### A. Breach of Contract – Count I

Eskridge's sole argument "incorporates herein all arguments made in its original motion to dismiss and suggestions in support thereof as to this count." (Doc. #46, p.3) Iqbal makes no response because "Plaintiff's argument has already been rejected." (Doc. #2, p.2). The Court denied Eskridge's original motion to dismiss as to Count I because it found Iqbal stated a sufficient breach of contract claim, and satisfied the Rule 9(g) threshold for special damages. Because neither party presents new or additional arguments, the Court's Order denying Eskridge's motion to dismiss on this count stands.

### B. Unjust Enrichment – Count II

4

Eskridge argues Iqbal has admitted a contract was entered into between the parties in the pleadings, so Iqbal's unjust enrichment claim should be dismissed. Iqbal asserts he "can plead inconsistent theories in the alternative as part of [his] claims." (Doc. #49, p.2). Further, Iqbal notes he "has pled various affirmative defenses that, if true, would annul or void the contract." (Doc. #49, p.2). Missouri law does not allow a plaintiff to recover under both breach of an express contract and unjust enrichment. Level III Commc'ns, LLC v. Illinois Bell Tel. Co., No. 4:13-CV-1080 CEJ, 2014 WL 414908, *6 (E.D. Mo. Feb. 4, 2014) (citations omitted); Fed. R. Civ. P. 8(d). However, a plaintiff may plead the alternative theories in his complaint. Id. As a result, Iqbal states a claim for unjust enrichment, and Count II will be denied.

### C. Fraud in the Inducement – Count III

Eskridge claims Iqbal failed to plead the first and fourth representations in paragraph 18 of Iqbal's First Amended Complaint were false. (Doc. #46, p.4–5). To state a claim for fraudulent inducement under Missouri law, Iqbal "must establish facts in support of [seven] elements," including "(1) that [Eskridge] made certain material representations to [Iqbal]; (2) such representations were false when made; [and] (3) that [Eskridge] knew the representations were false." Bracht v. Grushewsky, 448 F. Supp. 2d 1103, 1110 (E.D. Mo. 2006); Bank of Kirksville v. Small, 742 S.W.2d 127, 131 (Mo. banc 1987). Iqbal satisfies these elements in paragraph 21 of Iqbal's First Amended Counterclaims when he asserts "Eskridge was either aware his representations, as described in paragraph 18, were false and untrue, or recklessly made such representations with ignorance of their falsity." (Doc. #43, ¶21). Thus, Count III is denied because Iqbal adequately pleaded all Eskridge's representations were false.

### IV. CONCLUSION

Accordingly, it is hereby

5

**ORDERED** Plaintiff/Counter-Defendant Eskridge Enterprises, LLC's ("Eskridge") Motion to Dismiss (Doc. #45) Defendant/Counter-Claimant Sayeed N. Iqbal's ("Iqbal") First Amended Counterclaims is GRANTED in part and DENIED in part. The motion is DENIED with respect to Iqbal's claims for Breach of Contract (Count I), Unjust Enrichment (Count II), and Fraud in the Inducement (Count III). The motion is GRANTED with respect to Iqbal's claims for Fraudulent Misrepresentation (Count IV), Defamation (Count V), and Retaliation-Whistleblowing (Count VI).

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: <u>September 10, 2015</u>